UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEPHEN LEWIS,
         **Plaintiff,**

    v.                                       Case No. 23-C-0225

MARC GORENC, et al.,
         **Defendants.**

## DECISION AND ORDER

Stephen Lewis, proceeding pro se, brings claims under 42 U.S.C. § 1983 against two Wisconsin law-enforcement officers, Bodo Gajevich and Nathan Peskie. Plaintiff alleges that defendants falsely arrested him, illegally searched a residence, and seized drugs, firearms, and United States currency. Before me now is defendants' motion for summary judgment.[1]

### I. BACKGROUND

Plaintiff and others were the subject of a joint federal-state investigation into what was believed to be a conspiracy to transport cocaine to Wisconsin from Texas. The investigation resulted in arrests in September 2017. A federal grand jury indicted plaintiff and others with conspiracy to distribute cocaine and related offenses. *See United States v. Lewis*, 386 F. Supp. 3d 963 (E.D. Wis. 2019). Plaintiff eventually entered into a plea agreement and was convicted of one count of using a telephone to facilitate a drug trafficking offense.

---

[1] In an earlier order, I granted a motion to dismiss filed by the third defendant, Marc Gorenc. (ECF No. 33.)

Plaintiff's claims against Gajevich and Peskie arise out of his arrest on September 3, 2017, and a search of a residence located on North 45th Street in the City of Milwaukee that same day. According to evidence produced by law enforcement in the criminal case, officers with the Milwaukee Police Department were monitoring the residence when they saw plaintiff exit it and enter a vehicle. *Lewis*, 386 F. Supp. 3d at 967–68. When the officers initiated a traffic stop of the vehicle, plaintiff fled but was ultimately arrested. *Id.* at 968. Officers searched the vehicle and recovered a corner cut of cocaine. *Id.*

After the vehicle was stopped, Gajevich and Peskie went to the 45th Street residence and knocked on the front door. *Id.* When no one responded, they entered the residence using a key that they had recovered from plaintiff. *Id.*; *see also* Am. Compl. at 4 of 8 (alleging that Gajevich used plaintiff's key to enter the residence). Initially, the officers did not have a warrant to enter the residence. However, after they entered the residence, Peskie applied for and obtained a search warrant from a state-court judge. (ECF No. 61-1 at 1–8.) Plaintiff alleges that the initial warrantless entry into the home violated the Fourth Amendment. He also alleges that Peskie lied on the warrant application when he wrote that, at the time law enforcement saw plaintiff leaving the residence, they believed that he had just returned from a "drug run" to Texas. (Am. Compl. at 4 of 8.) The search of the residence turned up drugs, firearms, and $252,000 in currency, among other items.

Plaintiff previously alleged that former defendant Marc Gorenc used the evidence seized during the search of the 45th Street residence to obtain a warrant to arrest him, which led to a search of a different residence and the seizure of an additional $552,000

2

in United States currency. In a prior order, I granted Gorenc's motion to dismiss the claims against him, including the claim relating to the $552,000. (ECF No. 33.)

During the federal prosecution, plaintiff and his codefendants filed a motion to suppress the evidence recovered during the search of the 45th Street residence on the ground that the search violated the Fourth Amendment. *Lewis*, 386 F. Supp. 3d at 968. A magistrate judge initially denied the defendants' request for a *Franks* hearing[2] and recommended that the motion to suppress be denied. However, the district judge vacated that order, remanded for a hearing, and deferred ruling on the motion to suppress. *Id.* at 965. Before the magistrate judge could hold the *Franks* hearing, plaintiff entered into a plea agreement pursuant to which he would plead guilty to one count of using a telephone to commit a drug offense. The criminal charges against plaintiff's codefendants would also be resolved before the *Franks* hearing was held. Therefore, the Fourth Amendment issues raised in the motion to suppress were never finally adjudicated in the criminal case.

On March 2, 2020, the district court entered a judgment of conviction that sentenced plaintiff to time served. (ECF No. 60.) While the criminal case was pending, the Drug Enforcement Administration forfeited the $252,000 seized from the 45th Street residence to the United States. (ECF No. 56.) Plaintiff did not file a claim related to the currency. As for the $552,000, nearly all of this money ($547,000) was forfeited to the United States as part of plaintiff's criminal case. ($5,000 was awarded to a third-party claimant.) Consistent with his plea agreement, plaintiff did not contest the forfeiture of the $552,000.

---

[2] *Franks v. Delaware*, 438 U.S. 154 (1978).

3

Case 2:23-cv-00225-LA     Filed 11/20/24     Page 3 of 9     Document 62

In the present case, plaintiff brings Fourth Amendment claims for false arrest and illegal search and seizure against Gajevich and Peskie. In his demand for relief, plaintiff alleges that he suffered damages in the form of the loss of the seized and forfeited currency, and in the form of the pain and suffering caused by his pretrial detention, which prevented him from being with his mother before she died of cancer and prevented him from being with his newborn daughter. (Am. Compl. at 7 of 8.)

Defendants Gajevich and Peskie have filed a motion for summary judgment in which they contend that they are entitled to judgment as a matter of law. Defendants do not move for summary judgment on the ground that plaintiff could not establish at trial that he was falsely arrested or that the search of the residence and subsequent seizure of the currency violated the Fourth Amendment. Instead, they raise the following issues: (1) plaintiff waived his Fourth Amendment claims when he pleaded guilty in the criminal case; (2) plaintiff's claims are barred under the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994); (3) defendants were not the "cause" of plaintiff's detention at the time of his mother's death; and (4) plaintiff cannot prove that the approximately $800,000 in currency belonged to him, and in any event he would be barred from recovering the currency under the doctrine of unclean hands.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is required where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, I view the evidence in the light

4

most favorable to the non-moving party and must grant the motion if no reasonable juror could find for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 255 (1986).

**B.     Guilty Plea Waiver**

Defendants contend that plaintiff's guilty plea in the criminal case resulted in a waiver of his right to challenge the legality of his arrest and the search of the residence. Here, defendants rely on what is sometimes known as the "guilty plea waiver rule." Under this rule, when a defendant enters an unconditional guilty plea, he waives all nonjurisdictional defects arising before his plea, including Fourth Amendment claims. *United States v. Combs*, 657 F.3d 565, 568 (7th Cir. 2011). But this waiver rule applies only to attacks on the conviction itself. The waiver rule does not bar constitutional claims for damages that can be brought outside of the criminal proceedings. *Haring v. Prosise*, 462 U.S. 306, 320–21 (1983). Thus, while a defendant who unconditionally pleads guilty waives his right to challenge the *admissibility* of evidence obtained in violation of the Fourth Amendment, he does not also waive his right to challenge the legality of the search that produced the evidence in an action under § 1983. *Id.*; *see also Kykta v. Ciaccio*, 633 F. App'x 340, 344 (7th Cir. 2015). In other words, "[t]he defendant's rights under the Fourth Amendment are not among the trial rights that he necessarily waives when he knowingly and voluntarily pleads guilty." *Haring*, 462 U.S. at 320–21.

So here, while plaintiff may have waived his right to challenge the admissibility of the evidence obtained during the search of the 45th Street residence, he did not waive

his right to bring an action for damages based on the allegedly illegal search. Accordingly, defendants are not entitled to summary judgment based on the guilty plea waiver rule.[3]

C.  *Heck v. Humphrey*

Defendants next contend that plaintiff's suit is barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). Under that doctrine, "a § 1983 suit for damages that would 'necessarily imply' the invalidity of the fact of an inmate's conviction, or 'necessarily imply' the invalidity of the length of an inmate's sentence, is not cognizable under § 1983 unless and until the inmate obtains favorable termination of a state, or federal habeas, challenge to his conviction or sentence." *Nelson v. Campbell*, 541 U.S. 637, 646 (2004). Here, defendants note that plaintiff's pretrial detention became his federal sentence on the one drug charge to which he pleaded guilty when the district court sentenced him to time served, and that plaintiff has not successfully challenged his conviction or sentence. Therefore, defendants contend, plaintiff cannot obtain damages under § 1983 that would imply that his pretrial detention was unlawful. *See Patrick v. City of Chicago*, 81 F.4th 730, 736–37 (7th Cir. 2023) ("[A] section 1983 plaintiff may not receive damages for time spent in custody, if that time was credited to a valid and lawful sentence.").

I agree with defendants that, under *Heck*, plaintiff cannot obtain damages for wrongful conviction or detention because such damages would imply that his conviction or sentence was invalid. In other words, the "pain and suffering" damages that plaintiff requests in his complaint are not recoverable in this action. The damages that are off

---

[3] Although not raised by defendants, I also note that issue preclusion is no obstacle to plaintiff's § 1983 claims, since the Fourth Amendment issues he raises were not actually litigated and determined in the federal criminal case and were not necessary to the judgment based on his guilty plea. *See Haring*, 462 U.S. at 315–16.

limits include those that would compensate plaintiff for being unable to spend time with his mother at the end of her life and those that would compensate him for his inability to spend time with his newborn daughter.[4]

However, it does not follow that defendants are entitled to judgment on plaintiff's Fourth Amendment claims. "All *Heck* does is knock out one element of damages, the injury from wrongful conviction, while the conviction stands." *Gonzalez v. Entress*, 133 F.3d 551, 554 (7th Cir. 1998). This means that plaintiff cannot recover damages caused by his imprisonment, but he may still recover damages for other injuries caused by the Fourth Amendment violations, such as those caused by invasion of privacy. *See Townes v. City of New York*, 176 F.3d 138, 148 (2d Cir. 1999) (noting that "[v]ictims of unreasonable searches or seizures may recover damages directly related to the invasion of their privacy"). It is true that plaintiff did not request damages for invasion of privacy in his complaint, but he was not required to. *See* Fed. R. Civ. P. 54(c); *Thomas v. JBS Green Bay, Inc.*, __ F.4th __, 2024 WL 4719251, at *1 (2024) ("Prevailing parties receive the relief to which they are entitled, no matter what was in (or missing from) the complaint."). Plaintiff's prevailing on his underlying Fourth Amendment claims and receiving damages for invasion of privacy would not imply the invalidity of his conviction or sentence, since whether plaintiff was unlawfully arrested or the residence was illegally searched has no bearing on whether plaintiff used a telephone to conduct a drug transaction. *See Rollins v. Willett*, 770 F.3d 575, 576 (7th Cir. 2014); *Gonzalez*, 133 F.3d at 553–54.

---

[4] Because *Heck* precludes plaintiff's request for damages relating to his inability to be with his mother, I do not address defendants' alternative argument that they were not the cause of those damages.

**D.    Issues Relating to Forfeited Currency**

Finally, defendants contend that plaintiff cannot recover the value of the currency that was forfeited to the United States in this action because he cannot prove that the currency belonged to him. Alternatively, they contend that, under the doctrine of unclean hands, he cannot recover the value of the currency as damages for the alleged Fourth Amendment violations because it represents the proceeds of criminal activity. Here, they note that, at his deposition, plaintiff invoked his Fifth Amendment right not to incriminate himself when he was asked how he earned the approximately $800,000 in currency at issue. (Dep. of Stephen Lewis at 16.) He also claimed that he had saved the money (*id.*), but he offered no explanation for how he could have saved that amount of money through legitimate means. In this regard, plaintiff testified that he had "been in jail a lot" so never filed a tax return (*id.* at 17:2) and had only done odd jobs such as carpentry and cutting hair (*id.* at 11).

In his response to defendants' motion for summary judgment, plaintiff does not attempt to show that he legitimately came into possession of the currency or meaningfully dispute that the currency represents the proceeds of criminal activity. Plaintiff only states that the defendants "thought the money was [his]" and that defendants are the ones with unclean hands because they performed an illegal search. (ECF No. 61 at 14–15.) Based on this record, I find that plaintiff has not raised a genuine factual dispute over the provenance of the currency. The record establishes that the currency was earned through criminal activity.

Courts will not award damages to a plaintiff when the damages represent compensation for committing a crime or engaging in other wrongful conduct. *See Townes*,

176 F.3d at 148 (victims of unreasonable searches and seizures "cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution"); *Byron v. Clay*, 867 F.2d 1049, 1051–52 (7th Cir. 1989) (applying equitable doctrine of unclean hands to a claim for damages). The court's refusal to award such damages stems from the broader principle that if awarding relief to the plaintiff would encourage wrongdoing, the court will not adjudicate the parties' dispute. *See Schluter v. Latek*, 683 F.3d 350, 355 (7th Cir. 2012) (discussing *The Highwayman's Case*). In the present case, because the $800,000 in currency represents the proceeds of criminal activity, plaintiff could not recover it as damages even if he could prove that defendants' illegal search and seizure proximately caused the loss of the currency. Accordingly, defendants' motion for summary judgment will be granted to the extent that I will confirm that the currency is not an element of damages recoverable at trial.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that defendants' motion for summary judgment (ECF No. 53) is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted as to plaintiff's demand for damages for wrongful detention and damages that would represent the value of the currency forfeited to the United States. In all other respects, the motion is denied.

Dated at Milwaukee, Wisconsin, this 20th day of November, 2024.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge